IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROB LEE BENT, | ) | 8:07CV440 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DEBRA NEEDHAM and GLENN SHAPIRO, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 16, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. INITIAL REVIEW OF COMPLAINT

### A. Summary of Complaint

Plaintiff filed his Complaint in this matter on November 16, 2007 against two Defendants, Debra Needham ("Needham") and Glenn Shapiro ("Shapiro"). (Filing No. 1 at CM/ECF p. 2.) Plaintiff identifies Needham as his mother and identifies Shapiro as his attorney in the previous action which is the subject of this matter. (*Id.* at CM/ECF pp. 3-4.)

Condensed and summarized, Plaintiff's allegations relate to the settlement of a previous lawsuit against the City of Omaha. Plaintiff alleges that he had an "11.9 million dollar case" against the Omaha Police Department which was settled for $15,000.00. (*Id.* at CM/ECF p. 3.) The case was allegedly settled after Needham "made false claims" regarding abuse by Plaintiff's father and her need for money.

(*Id.*)  Plaintiff sent money to Needham and paid $2,500.00 for attorney's fees to Shapiro.  (*Id.* at CM/ECF p. 4.)  Plaintiff alleges that Defendants "conspired together to settle" the case and "violated [his] civil rights."  (*Id.*)

Plaintiff alleges that he has suffered psychological injuries and "fear of society and police," "fear of court system," "fear of city council," and "degradation by defense lawyer and own mother."  (*Id.* at CM/ECF p. 5.)  Plaintiff requests that this court "reopen his case" against the Omaha Police Department and let him have his "day in court."  (*Id.*)  Plaintiff also requests that Shapiro be removed from the practice of law and that Needham be charged with various criminal charges.

### B.     Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro

se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### C. Discussion of Claims

As set forth by the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). It is clear from Plaintiff's allegations that all of the parties are residents of Nebraska. There is no diversity of citizenship and it therefore cannot be a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Liberally construed, Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of

state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

Here, Plaintiff generally alleges that Needham and Shapiro "violated his civil rights," but does not allege that any of their actions were taken under color of state law or were otherwise sanctioned by the state. Rather, Plaintiff alleges that two private entities conspired to force him to settle a lawsuit and then took the settlement proceeds. Thus, Plaintiff's claims are not civil rights violations, but allege claims such as fraud, professional malpractice, and other claims. Such claims may be actionable in state court, but cannot be brought in federal court. Because the court lacks subject matter jurisdiction over Plaintiff's claims, the Complaint must be dismissed. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

## II.   REQUEST FOR APPOINTMENT OF COUNSEL

In his Complaint, Plaintiff seeks the appointment of counsel. (Filing No. 1 at CM/ECF p. 9.) However, the court cannot routinely appoint counsel in civil cases.

In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

3. Plaintiff remains responsible for the entire filing fee in this matter.

February 7, 2008.              BY THE COURT:

                               s/ Joseph F. Bataillon
                               Chief United States District Judge